UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRETT RUSSELL CLAFLIN,

    Petitioner,

-vs-                                                  Case No. 6:09-cv-2055-Orl-31KRS

SECRETARY, DEPARTMENT
 OF CORRECTIONS, et al.,

_____/

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 5). Petitioner filed a reply (Doc. No. 10) and a supplemental reply (Doc. No. 13) to the response.

Petitioner alleges five claims for relief in his habeas petition: 1) trial counsel was ineffective for failing to investigate and depose witnesses; 2) trial counsel was ineffective for failing to depose or call as a witness the medical professional who treated the victim; 3) trial counsel was ineffective for failing to move to suppress the items found in the vehicle belonging to Petitioner's girlfriend; 4) trial counsel was ineffective for failing to instruct the

clerk of the court to preserve the "*Williams* rule hearing" for appeal; and 5) trial counsel was ineffective in advising Petitioner not to testify at trial.

## I. *Procedural History*

Petitioner was charged by information with attempted robbery with a deadly weapon and aggravated battery. A jury trial was held, and Petitioner was found guilty as charged. The trial court adjudicated Petitioner guilty of the crimes and sentenced him to imprisonment for a total term of twenty-five years. Petitioner filed a direct appeal with the Florida Fifth District Court of Appeal, which affirmed *per curiam*.

Petitioner next filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 with the state trial court, and an evidentiary hearing was held on the motion. After the hearing, the trial court entered an order denying the motion. Petitioner appealed the denial, and the state appellate court affirmed the denial *per curiam*.

While the Rule 3.850 proceedings were pending, Petitioner filed a petition for writ of habeas corpus with the state appellate court, which was denied.

## II. *Legal Standards*

## A. *Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")*

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable."[1] *Id*.

---

[1] In considering the "unreasonable application" inquiry, the Court must determine "whether the state court's application of clearly established federal law was objectively unreasonable." *Williams*, 529 U.S. at 409. Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

B.  *Standard for Ineffective Assistance of Counsel*

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[2] *Id.* at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989)

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective

---

[2] In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

### III. Analysis

#### A. Claims One and Two

Petitioner states in claim one that counsel was ineffective for failing to investigate and depose witnesses and in claim two that counsel was ineffective for failing to depose or call as a witness the medical professional who treated the victim. These claims were raised in Petitioner's Rule 3.850 motion and were denied because there had been no showing of prejudice.

In claim one, Petitioner argues that the potential witnesses would have testified that Petitioner's co-defendant was the last person to enter the bar prior to the arrival of the deputy, that the co-defendant was dressed in attire matching the description given by the eyewitnesses, that the co-defendant's build was "more fitting" to that described by the

5

eyewitnesses, and that Petitioner had been at the bar for a period of time prior to the arrival of the deputy.

At the evidentiary hearing on Petitioner's Rule 3.850 motion, Petitioner's Rule 3.850 counsel informed the trial court that he had spoken with certain witnesses whom Petitioner believed should have been deposed and called at trial and that, after discussing the matter with Petitioner, it was determined that these witnesses would not have been helpful to Petitioner's case. (Appendix L at 100-03.) Petitioner's Rule 3.850 counsel also noted that Petitioner had identified other possible witnesses but that he had been unable to locate them. *Id.* at 103. Petitioner agreed with what his counsel had told the trial court about the witnesses. Further, Petitioner's trial counsel testified that Petitioner only informed him as to two possible witnesses--Petitioner's girlfriend and Petitioner's co-defendant. *Id.* at 71-72. Both of these witnesses did testify at trial. *Id.* at 74. Thus, the evidence presented at the evidentiary hearing supports the finding that Petitioner did not disclose other potential witnesses to his counsel and that, even if he had done so, those witnesses would not have been helpful to his case.

In addition, the law does not favor ineffective assistance of counsel claims based on complaints of uncalled witnesses. *See Gasanova v. United States*, 2007 WL 2815696, at *9 (W.D. Tex. September 6, 2007) (citations omitted) (footnotes omitted). The presentation of witness testimony is essentially strategy, and it is, therefore, within trial counsel's domain. *Id*. Mere speculation as to the testimony an uncalled witness would have given is too uncertain. *Id*. A petitioner cannot simply state that the testimony would have been

favorable; self-serving speculation will not sustain an ineffective assistance claim. *Id*. In the case of an uncalled witness, at the very least, the petitioner must submit an affidavit from the uncalled witness stating the testimony he or she would have given had they been called at trial. *Id*. To show prejudice, the petitioner must show not only that the uncalled witness's testimony would have been favorable, but also that the witness would have testified at trial. *Id.* Here, Petitioner did not submit any affidavits, and he fails to meet the prejudice prong of *Strickland* because he has not demonstrated that the testimony of these witnesses would have been favorable or that these witnesses would have actually testified at trial.

Petitioner also claims that counsel was ineffective for failing to interview, depose, or call as a witness the medical professional who treated the victim. Petitioner suggests that the victim's injuries were minor and that they could have resulted from something other than being struck with a weapon. The victim testified at trial that he was struck by a "tire tool or a crow bar," *see* Appendix B, Transcript of Trial at 194, and the victim's medical records reveal that the victim received 18 staples to his head as a result of the laceration. (Appendix L at 540-45.) Other than vague and speculative allegations, Petitioner presents nothing to demonstrate that any medical professional would have changed, or had any affect on, the outcome of the proceedings. Under the circumstances, the Court finds that Petitioner has failed to demonstrate that counsel acted deficiently with regard to these matters or that he sustained prejudice.

As such, Petitioner has not shown that the state court's denial of these claims was

"contrary to, or involved an unreasonable application of, clearly established federal law" or was "based on an unreasonable determination of the facts in light of the evidence." 28 U.S.C. § 2254(d). As a result, Petitioner is not entitled to federal habeas relief on these claims.

B.   *Claim Three*

Petitioner avers that counsel was ineffective for failing to move to suppress the items found in the vehicle belonging to Petitioner's girlfriend. This claim was raised in Petitioner's Rule 3.850 motion and was denied because the vehicle belonged to his girlfriend and any search thereof did not invoke Petitioner's Fourth Amendment rights.

This claim is without merit. First, Petitioner's counsel did file a motion in limine, seeking the suppression of these items. (Appendix L at 256.) Next, the vehicle belonged to Petitioner's girlfriend, and his co-defendant was in possession of the vehicle and consented to the search; thus, Petitioner has not demonstrated how *his* Fourth Amendment rights were violated, as he had no possessory interest in the vehicle. *See United States v. Rodriguez-Castorena*, 712 F. Supp. 2d 590, 593 (W.D. Tex. 2010) (since the defendant did not have a possessory or privacy interest in the vehicle, he lacked standing to challenge the search of the vehicle). Consequently, Petitioner has not shown that counsel acted deficiently with regard to this matter or that he sustained prejudice. As such, Petitioner fails to meet his burden of proving that the state court unreasonably applied controlling Supreme Court precedent or unreasonably determined the facts in denying relief on this claim.

*C.      Claim Four*

Petitioner asserts that trial counsel was ineffective for failing to instruct the clerk of the court to preserve the "*Williams* rule hearing" for appeal.[3] This claim is denied because the *Williams* rule hearing was included in the appellate record.

*D.      Claim Five*

Petitioner states that trial counsel was ineffective in advising him not to testify at trial. He contends that counsel erroneously informed him that, if he testified at trial, the jury would have been informed as to the actual crimes of which he was convicted. This claim was raised in Petitioner's Rule 3.850 motion and was denied because the testimony at the evidentiary hearing refuted his allegation that he elected not to testify based on counsel's misadvise regarding the consequences of such testimony.

At the evidentiary hearing, Petitioner's counsel testified that he did not recall telling Petitioner that, if he testified, the details and nature of his prior record would have been admitted into evidence. (Appendix L at 74.) Petitioner's counsel also testified that he always informed his clients that the State could investigate whether there had been any prior felonies and the number of such felonies; thus, if a defendant lied about the felonies, the State could inquire into the matter. *Id*. at 74-75. He further testified that Petitioner had a "full understanding" of this matter. *Id*. at 75.

---

[3]The "Williams rule" takes its name from *Williams v. State*, 110 So. 2d 654 (Fla.1959), and is codified at section 90.404(2), Florida Statutes. This rule allows the introduction of similar fact evidence of other crimes or acts by the defendant that are relevant to prove a material matter in the prosecution.

Petitioner testified that counsel informed him that, if he testified, the jury would find out about his past record, which included thirteen prior felonies. *Id.* at 29. Counsel advised Petitioner against testifying because the jury would "learn [about his] past record." *Id.* at 37. Petitioner acknowledged that counsel did not tell him that the jury would find out any particulars about the crimes. *Id.* at 48-49

The evidence presented at the evidentiary hearing does not support Petitioner's allegation that counsel misadvised Petitioner regarding the consequences of testifying at trial. In fact, it is undisputed that counsel correctly informed Petitioner that, if he testified, his credibility could be attacked by evidence of the prior felony convictions. *See* 90.610, Fla. Stat. Petitioner fails to show both deficient performance and prejudice. Based on the record, there has been no showing that the state court unreasonably applied controlling Supreme Court precedent or unreasonably determined the facts in denying relief on this claim.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Brett Russell Claflin is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. This Court should grant an application for certificate of appealability only if

the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Petitioner has failed to make a substantial showing of the denial of a constitutional right.[4]  Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, this 26th day of January, 2011.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
sa 1/26
Counsel of Record
Brett Russell Claflin

---

[4]Pursuant to Rule 11 of the *Rules Governing Section 2254 Cases In the United States District Courts*,

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue.  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2).  If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.  A motion to reconsider a denial does not extend the time to appeal.